**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **Case No. 1:25-mj-00040** |
| **v.** | : | |
| | : | |
| **LISA POOLE** | : | |

**MOTION FOR VOLUNTARY DISCLOSURE OF GRAND JURY AND OTHER MATERIALS AND FOR LIMITATIONS ON FURTHER DISCLOSURE**

The United States respectfully moves pursuant to Federal Rules of Criminal Procedure 6(e), 16, and 26.2, and 26 U.S.C. §§ 6103(h)(4)(D) and (i)(4)(A), and the authority of the Court to administer proceedings before it, that the United States be permitted to disclose to counsel for the defense as part of voluntary discovery, grand jury and other materials.[1] The United States and defense counsel may then use this material for the prosecution and defense of this case, respectively, and make such further disclosures as may be necessary for, and for the sole purpose of, prosecuting and defending this case. To ensure discovery material is not used for inappropriate purposes, however, the United States seeks an order prohibiting the defendant from indirectly or directly sharing—either physically or electronically—any material produced by the government in discovery. The United States moves for entry of the attached proposed Order to cover any and all material provided by the United States Attorney's Office to defense counsel.

[1] The requested order is also not intended to affect the obligations of either party or the timing of when discoverable materials must be produced. Those obligations are governed by Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, Rule 26.2 of the Federal Rules of Criminal Procedure (the Jencks Act), and any separate orders issued by the Court.

During the pendency of this matter, the United States anticipates disclosing discovery, which may include the following items: reports by law enforcement related to ongoing investigations; reports and recordings of witness interviews; images of conspirators, witnesses, and victims; images and videos of evidence gathered from various sources, including during the execution of residential, vehicle, or business search warrants; data extracted from personal cellphones and other electronic devices; cellphone/cell site records; records obtained via subpoena, materials about unrelated events that may constitute impeachment evidence against potential witnesses (including law enforcement officers), and other related materials. Public disclosure of these materials could reveal law enforcement techniques; endanger witnesses; and cause witness tampering, the destruction of evidence, and the flight of any uncharged co-conspirators; and unnecessarily embarrass, prejudice, or otherwise violate the privacy interests of potential witnesses. Public disclosure of personal information from search warrants, cellphones, and other investigative materials could also reveal confidential information regarding potential targets of the investigation that could endanger the targets or their family members.

The United States does not seek to unnecessarily limit, however, the defendant's ability to review his or her own documented statements, criminal history report, and jail calls. The proposed order also allows such unrestricted access for any laboratory reports related to the testing and analysis of seized evidence.

The attached proposed Order is therefore intended to:

1. Advance the case;
2. Protect the secrecy of disclosed evidentiary materials;
3. Prevent the unauthorized dissemination of materials voluntarily provided by the United States, which dissemination would endanger witnesses, subject them to

intimidation, chill their candor, violate their privacy, and impede future investigations; and

4. Provide notice of sanctions in the event these materials were deliberately disclosed in an unauthorized manner or to unauthorized persons.

Respectfully submitted,

ZACHARY T. LEE
Acting United States Attorney

s/ Carrie Macon
Virginia Bar No. 95879
Corey Hall
Virginia Bar No. 94782
Assistant United States Attorneys
U.S. Attorney's Office
180 West Main Street, Suite B19
Abingdon, Virginia 24210
276-628-4161
276-628-7399 (fax)
E-Mail:USAVAW.ECFAbingdon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the defendant.

s/ Carrie Macon
Assistant United States Attorney